

U.S. Department of Justice

**Scott C. Blader**
**United States Attorney**
**Western District of Wisconsin**

Telephone 608/264-5158
TTY 608/264-5006
Administrative Facsimile 608/264-5183
Civil Division Facsimile 608/264-5724
Criminal Division Facsimile 608/264-5054

Address:
222 West Washington Avenue
Suite 700
Madison, Wisconsin 53703

November 26, 2019

Attorney Marcus J. Berghahn
33 East Main Street, Suite 400
Madison, Wisconsin 53703

Re:   *United States v. Dharmesh Patel*

Dear Attorney Berghahn:

**20  CR  007  JDP**

This is the proposed plea agreement between the defendant and the United States in this case.

1.   The defendant agrees to waive indictment and plead guilty to the two-count information filed by the United States Attorney's Office. Count 1 charges a violation of Title 18, United States Code, Section 1343, which carries maximum penalties of twenty years in prison and a three-year period of supervised release. Count 2 charges a violation of Title 18, United States Code, Section 1028A, which carries a mandatory penalty of two years in prison, to be served consecutively to any sentence for Count 1, and a maximum penalty of a one-year period of supervised release. Both Counts 1 and 2 also carry additional maximum penalties of a $250,000 fine, a $100 special assessment, and the entry of an appropriate restitution order. Count 1 also requires forfeiture of the proceeds of the offense. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

2.   The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine

adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

3. The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

4. The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement, and the defendant's efforts to make the agreed-upon immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before December 6, 2019.

5. The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

6. The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The exact restitution figure will be agreed upon by the parties prior to sentencing or, if the parties are unable to agree upon a specific figure, restitution will be determined by the Court at sentencing. The defendant further

November 26, 2019
Page 3 of 5

agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

7. The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture based on his conviction of the wire fraud scheme charged in Count 1, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461(c), whether those assets are in the possession or control of the United States, or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include a money judgment in the amount of the proceeds obtained as a result of the wire fraud scheme charged in Count 1, and all losses covered by the same course of conduct or common scheme or plan. Defendant agrees that during 2017, he acquired Personally Identifiable Information ("PII") from an individual ("J.L."), including his date of birth and social security number. Defendant agrees that from on or about June 22, 2017, to on or about July 9, 2019, he used J.L.'s name and PII, and other people's names and PII to conduct financial transactions without their consent. Defendant agrees he never intended to repay the money he borrowed in other people's names or pay for the assets he purchased in their name on credit. Defendant agrees that as part of his scheme to defraud, he fraudulently obtained the items seized on July 9, 2019, by the Coralville, Iowa Police Department while executing search warrant on Defendant's properties and residences, including, but not limited to:

- 106 55 inch Samsung Televisions;
- 110 Cubie Blue alarm clocks;
- An Aqua Products Duramax robotic pool vacuum with caddy;
- Eight cases of Wyndham Rewards RFID key cards;
- Two UniMax washers with serial numbers 1812007500 and 1811058119;
- Two UniMax dryers with serial numbers 1810020913 and 1810020914;
- Ten cases (each) of plastic knives, forks, spoons;
- A Fellowes brand paper shredder;
- Two Purell hand sanitizer dispenser stands;
- Three battery-operated Hurricane floor dryers; and
- Work Pro Series pressure washer w/hoses and attachments.

The defendant agrees to the immediate entry of a preliminary order of forfeiture as to each of the above-listed items and also including a money judgment of forfeiture equal to the amount of the proceeds he obtained as a result of the wire fraud scheme charged in Count 1. The government agrees to credit the net amounts, after deduction of costs of sale, resulting from the forfeiture and sale of any of the property seized on July 9, 2019, to the money judgment of forfeiture. The defendant understands that the

November 26, 2019
Page 4 of 5

government may proceed against other property that the defendant owns to satisfy any remaining amount that the defendant owes on the money judgment of forfeiture. If the defendant does not have sufficient assets to fully satisfy both his restitution and asset forfeiture judgments, the government agrees to seek Department of Justice approval to have the net dollar amounts forfeited applied to restitution. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that he may have that the forfeiture constitutes an excessive fine.

8. The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant also authorizes the U.S. Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents. Finally, the defendant understands, as set forth in Paragraph 4 above, that the United States' agreement to recommend a reduction for acceptance of responsibility will be based, in part, on the defendant's full and truthful accounting, and efforts to make the agreed-upon immediate restitution payments.

9. In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

10. The defendant understands that sentencing discussions are not part of the plea agreement except that the parties agree to recommend to the Court that for the purposes of calculating the loss amount under U.S.S.G. § 2B1.1(b)(1) that the loss amount caused by the scheme is more than $250,000 but less than $550,000. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

11. If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

November 26, 2019
Page 5 of 5

12. By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case.

Very truly yours,

SCOTT C. BLADER
United States Attorney

By: _____
TIMOTHY M. O'SHEA
First Assistant United States Attorney

1/21/2020
Date

_____
ZACHARY COREY
Assistant United States Attorney

1/22/2020
Date

_____
MARCUS BERGHAHN
Attorney for the Defendant

December 5, 2019
Date

_____
DHARMESH PATEL
Defendant

12/5/19
Date

Enclosure