|  |  |  |  |
|---|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: DHARMESH PATEL<br>CASE NUMBER: 0758 3:20CR00007-001 |  | Judgment - Page 1 |

# United States District Court
## Western District of Wisconsin

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987) |
|---|---|
| V. | **Case Number:** 0758 3:20CR00007-001 |
| Dharmesh Patel | **Defendant's Attorneys:** Jonas Bednarek, Marcus Berghahn, and Catherine White |

The defendant, Dharmesh Patel, pleaded guilty to Counts 1 and 2 of the information.

The defendant has been advised of his right to appeal.

**ACCORDINGLY**, the court has adjudicated the defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud, Class C felony | July 9, 2019 | 1 |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft, Class E felony | January 18, 2019 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| **Defendant's Date of Birth:** | ███ 1989 | June 18, 2020 |
|---|---|---|
| **Defendant's USM No.:** | 11772-090 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | ███████████<br>Iowa City, IA   52240 | /s/ James D. Peterson |
| **Defendant's Mailing Address:** | Same as above | James D. Peterson<br>District Judge<br>June 19, 2020<br>Date Signed: |

|  |  |  |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: DHARMESH PATEL<br>CASE NUMBER: 0758 3:20CR00007-001 | Judgment - Page 2 |

# IMPRISONMENT

As to Count 1 of the information, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 63 months. As to Count 2 of the information, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 24 months, to run consecutively to the sentence imposed in Count 1. This results in an aggregate custodial sentence of 87 months.

The defendant has pending charges in Portage County, Wisconsin, Circuit Court Case Nos. 17CF500, 18CF212, 18CF213, 19CF264, and 19CF264, along with Johnson County, Iowa, District Court Case No. FECR123149. I order that this federal sentence is to run concurrently with any sentence that is imposed in the pending state cases.

I recommend: educational and vocational training; substance abuse evaluation and appropriate treatment; and prerelease placement in a residential reentry center with work release privileges.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

It was determined at the plea hearing that the defendant was neither a flight risk nor a danger to the community. Based on his continued compliance under pretrial supervision, execution of the sentence of imprisonment is stayed until August 17, 2020, between the hours of noon and 2:00 p.m., when the defendant is to report to an institution to be designated by further court order. The present release conditions are continued until August 17, 2020.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case: 3:20-cr-00007-jdp   Document #: 26   Filed: 06/22/20   Page 3 of 7

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: DHARMESH PATEL<br>CASE NUMBER: 0758 3:20CR00007-001 | Judgment - Page 3 |

# SUPERVISED RELEASE/PROBATION

The terms of imprisonment are to be followed by a 3-year term of supervised release as to Count 1 and a 1-year term of supervised release as to Count 2. The terms will run concurrently and are subject to the mandatory conditions.

In light of the nature of the offense and the defendant's personal history, I adopt condition numbers **1 through 18** as proposed and justified in the presentence report. Neither party has raised any objections to the proposals. Condition numbers 19 and 20 were addressed at the sentencing hearing and imposed after input from the parties, based on information contained in the presentence report.

If, when the defendant is released from confinement to begin his term of supervised release, either the defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

Although the instant offense is not drug related, mandatory drug testing as set forth at 18 U.S.C. § 3583(d) for supervision cases is not waived. The defendant's requirement to participate in substance abuse treatment is addressed in special condition 20.

---

Defendant is to abide by the statutory mandatory conditions.

### Statutory Mandatory Conditions

Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

Defendant shall not illegally possess a controlled substance. The defendant is subject to drug testing according to 18 U.S.C. §§ 3563(a)(5) and 3583(d).

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

---

Defendant shall comply with the standard and special conditions that have been adopted by this court.

### Standard Conditions of Supervision

1) Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: DHARMESH PATEL<br>CASE NUMBER: 0758 3:20CR00007-001 | Judgment - Page 4 |

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

5) Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician.

6) Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

11) Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame; and

12) Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.

**Special Conditions of Release**

13) Provide the supervising U.S. Probation Officer any and all requested financial information including copies of state and federal tax returns;

14) Refrain from incurring new credit charges, opening additional lines of credit or opening other financial accounts without the prior approval of the supervising U.S. Probation Officer;

15) Refrain from seeking or maintaining any employment that includes unsupervised financial or fiduciary-related duties or any employment with ready access to personally identifiable information, without the prior approval of the supervising U.S. Probation Officer;

16) Not transfer, give away, sell or otherwise convey any asset worth more than $200 without the prior approval of the supervising U.S. Probation Officer;

17) Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition;

18) Have no contact with the victim in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. Probation Officer. Defendant shall not enter the premises or loiter within 1,000 feet of the victim's residence or place of employment;

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: DHARMESH PATEL<br>CASE NUMBER: 0758 3:20CR00007-001 | Judgment - Page 5 |

19) Refrain from excessive use of alcohol. Excessive use is defined as alcohol use so extensive that it interferes with defendant's responsibilities to family or employer, or it impairs defendant to any degree while driving or on the job; and

20) Defendant shall submit to at least one drug test within 30 days of his release from imprisonment and then 15 drug tests throughout his term of supervision.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them.   I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____     _____
Defendant                     Date

_____     _____
U.S. Probation Officer        Date

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $433,578.47 |
| 2 | $100.00 | | |
| **Total** | **$200.00** | **$0.00** | **$433,578.47** |

It is adjudged that the defendant is to pay a $200 criminal assessment penalty, to the Clerk of Court for the Western District of Wisconsin immediately following sentencing. I encourage the defendant to honor his agreement to pay the assessment at or before sentence as noted in his signed plea agreement.

The defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and pay restitution upon release from custody, so I will impose no fine.

Forfeiture is final as to the defendant.

# RESTITUTION

The defendant is to pay mandatory restitution to the U.S. Clerk of Court for the Western District of Wisconsin. The government has reported the parties have agreed to a restitution amount of $433,578.47. Restitution payments are to be disbursed to the victims as indicated in the presentence report. The addresses of the victims will be provided to the Clerk of Court through the coordination of the U.S. Attorney's Office and the U.S. Probation Office.

The defendant does not have the economic resources to allow himself to make full payment of restitution in the foreseeable future under any reasonable schedule of payments. Pursuant to 18 U.S.C. § 3664(f)(3)(B), he is to begin making nominal payments of a minimum of $250 each month, beginning within 30 days of defendant's release from custody.

AO 245 B (Rev. 3/01)(N.H. Rev.)   DEFENDANT: DHARMESH PATEL
CASE NUMBER: 0758 3:20CR00007-001   Judgment - Page 7

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

      (1) assessment;
      (2) restitution;
      (3) fine principal;
      (4) cost of prosecution;
      (5) interest;
      (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.